# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| CALVIN WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:14-CV-267 CAS |
| | ) | |
| NATIONAL CREDIT ADJUSTERS, LLC, et al., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff Calvin Williams' second motion to stay Rule 12(b)(6) proceedings. In his motion, plaintiff asks the Court to stay the case pending resolution of his "contemplated motion for remand," which he intends to file "within the regularly allowed time under 28 U.S.C. § 1447." Pl. Mot. at 1-2.

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. Landis v. North Am. Co., 299 U.S. 248, 254 (1936). However, the movant must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else. Id. at 255." GP & W, Inc. v. International Exchange, Servs., LLC, 2012 WL 4513851, at *8 (E.D. Mo. Oct. 2, 2012).

As a threshold matter, plaintiff's response to defendant's motion to dismiss was due March 3, 2014. On February 28, 2014, plaintiff filed a one-sentence response stating that the Court should stay consideration of defendant's motion to dismiss pending a determination of the Court's subject matter jurisdiction. On that same date, plaintiff filed a motion to stay. On March 13, 2014, the Court issued an Order Concerning Removal, which stayed the case pending defendant's filing of an

amended Notice of Removal. Defendant filed its amended Notice of Removal, establishing the diversity of citizenship of the parties, and the Court lifted the stay on March 21, 2014.

On March 25, 2014, plaintiff filed his second motion to stay the Rule 12(b)(6) proceedings. Plaintiff states he plans to contest this Court's subject matter jurisdiction and has a good faith basis to contest the jurisdictional facts on which defendant's amended Notice of Removal relies. Pl. Mot. at 1. Plaintiff does not indicate when he intends to file his motion to remand, nor does he indicate which facts he contests. Pursuant to 28 U.S.C. § 1447, because his motion to remand is based on a lack of subject matter jurisdiction, plaintiff may file the motion any time before final judgment. See 28 U.S.C. § 1447(c).

Plaintiff has not made out a clear case of hardship or inequity in being required to respond to defendant's motion to dismiss. In fact, plaintiff has not specified any reason he has to contest this Court's subject matter jurisdiction. Based on the facts in the record, including a declaration and an affidavit by the General Counsel for defendant National Credit Adjusters, LLC, diversity of citizenship exists. Defendant has exhaustively detailed the citizenship of all defendants. Plaintiff has never questioned whether the amount in controversy exceeds $75,000.00, nor has he submitted an affidavit attesting to the fact that he is not seeking and will not accept damages in excess of $75,000.00.

The Court will not stay this matter indefinitely based on speculation regarding subject matter jurisdiction, especially when the record clearly establishes such jurisdiction. Moreover, defendant's motion to dismiss appears well-founded and would dispose of this matter completely. The Court will deny plaintiff's motion to stay.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's second motion to stay defendant's Rule 12(b)(6) proceedings pending a contemplated motion for remand is **DENIED**. [Doc. 25]

**IT IS FURTHER ORDERED** that plaintiff shall file by April 1, 2014 a response to defendant's motion to dismiss.

**IT IS FURTHER ORDERED** that if plaintiff does not timely comply with this Memorandum and Order, the Court will consider defendant's motion to dismiss without the benefit of any response from plaintiff.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 27th day of March, 2014.