UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CALVIN WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | No. 4:14-CV-267 CAS |
| ) | |
| NATIONAL CREDIT ADJUSTERS, LLC, ) | |
| VICTOR PEREZ, and RACHEL DOE, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant National Credit Adjusters, LLC's ("NCA") motion to dismiss plaintiff's complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff opposes the motion. The matter has been fully briefed. Recently, both parties submitted as supplemental authority the Missouri Supreme Court's decisions in Conway v. CitiMortgage, Inc., --- S.W.3d at ---, No. SC 93951 (Mo. banc Aug. 19, 2014), and Watson v. Wells Fargo Home Mortgage, Inc., --- S.W.3d at ---, No. SC 93769 (Mo. banc Aug. 19, 2014).[1] For the following reasons, the Court will deny defendant's motion.

**Background**

Plaintiff Calvin Williams brings this action against NCA and two of its agents, defendants Victor Perez and Rachel Doe, for violations of the Missouri Merchandising Practices Act ("MMPA"). Mr. Williams alleges defendants used racial epithets, abusive language, threats of arrest, and deception in telephone conversations with Mr. Williams in an attempt to collect an alleged debt.

---

[1]Although plaintiff filed a two-page motion for leave to file supplemental authority, neither party requested supplemental briefing.

Prior to August 8, 2013, Mr. Williams obtained a personal loan from Castle Pay Day Loans. NCA is a debt collection company that services or purchases delinquent debt from companies that originate loans to individuals. Although not specifically alleged in the complaint, apparently NCA purchased Mr. Williams' debt from Castle Pay Day Loans. On August 8, 2013, defendants began contacting Mr. Williams at work and at home in an attempt to settle or resolve the alleged debt.

NCA moves to dismiss plaintiff's complaint, stating its alleged activities were not "in connection with" the origination of the loan under the MMPA. NCA states that its conduct was solely related to its efforts to collect on the debt it had purchased from another company who originated the loan to plaintiff, and thus its alleged activities are not actionable under the MMPA.

**Legal Standard**

On a motion to dismiss, the Court accepts as true the factual allegations contained in the complaint and grants the plaintiff the benefit of all reasonable inferences that can be drawn from those allegations. See Lustgraaf v. Behrens, 619 F.3d 867, 872-73 (8th Cir. 2010). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

**Discussion**

Plaintiff alleges violations of the Missouri Merchandising Practices Act, Mo. Rev. Stat. §§ 407.010 et seq. Under Missouri Revised Statute § 407.020.1:

> The act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any

merchandise in trade or commerce . . . in or from the state of Missouri, is declared to be an unlawful practice.

Plaintiff alleges defendants violated the MMPA "in connection with the advertisement or sale of debt settlement or debt restructuring services" by: (1) not acting in good faith; (2) using racially hateful and abusive language; (3) misrepresenting their authority to settle or resolve the debt; (4) imposing unauthorized fees; (5) misrepresenting to Mr. Williams that he might be arrested or incarcerated; and (6) harassing Mr. Williams. (Compl. ¶ 47).

Defendant moves to dismiss the complaint under Rule 12(b)(6) because plaintiff did not obtain his loan from NCA. "The MMPA does not apply where the alleged acts of deception and unfair practices were not committed in connection with the origination of the loan, but rather in connection with subsequent efforts to collect on the debt. State ex rel. Koster v. Professional Debt Mgmt., LLC, 351 S.W.3d 668, 670 (Mo. Ct. App. 2011)." (Def. Mem. at 4-5).

The cases relied upon by defendant in its motion to dismiss have been overruled by the Missouri Supreme Court's recent decisions in Conway and Watson. In these cases, the Missouri Supreme Court interpreted the MMPA's requirement that the deceptive conduct occur "in connection with the sale or advertisement of any merchandise" to include, in the debt collection context, conduct of loan servicers who were not original parties to the loan transaction. See Conway, No. SC 93951, slip op. at 10. "Because a loan is an ongoing transaction, loan collection procedures, whether initiated by a loan originator or a loan servicer, are done 'in connection with' the original procurement of the loan. To the extent Professional Debt and Portfolio Recovery Assets conflict with this holding, they should no longer be followed." Id. at 9. The Missouri Supreme Court decisions in Conway and Watson require defendant NCA's motion to dismiss be denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendant National Credit Adjusters, LLC's motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) is **DENIED**. [Doc. 9]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 4th day of September, 2014.