UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

CALVIN WILLIAMS, )
)
Plaintiff, )
)
v. ) No. 4:14-CV-267 CAS
)
NATIONAL CREDIT ADJUSTERS, LLC, )
VICTOR PEREZ, and RACHEL DOE, )
)
Defendants. )

## MEMORANDUM AND ORDER

This diversity matter is before the Court on plaintiff Calvin Williams' motion to remand to state court. Defendant National Credit Adjusters, LLC ("NCA") opposes the motion. The matter is fully briefed and ready for decision. For the following reasons, the Court will deny plaintiff's motion to remand.

### Background

Plaintiff Calvin Williams brings this action against NCA and two of its agents, defendants Victor Perez and Rachel Doe, for violations of the Missouri Merchandising Practices Act. Mr. Williams alleges defendants used racial epithets, abusive language, threats of arrest, and deception in telephone conversations with him in an attempt to collect an alleged debt. Defendant NCA removed the action to this Court on the basis of diversity jurisdiction, and plaintiff has filed a motion to remand.

### Legal Standard

The party invoking jurisdiction bears the burden of proof that all prerequisites to jurisdiction are satisfied. Hatridge v. Aetna Cas. & Sur. Co., 415 F.2d 809, 814 (8th Cir. 1969). Removal

statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand. Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 625 (8th Cir. 1997), cert. denied, 522 U.S. 1075 (1998).

**Discussion**

On February 14, 2014, defendant NCA removed this action from state court pursuant to 28 U.S.C. 1332 on the basis of diversity of citizenship. On March 13, 2014, the Court issued an Order Concerning Removal noting that NCA, a limited liability company, had not alleged the citizenship of each of its members for purposes of diversity jurisdiction. On March 20, 2014, NCA filed an amended notice of removal, which stated as follows:

> 11. On both the date of filing and the date of removal, National Credit Adjusters, LLC was a limited liability company formed under the laws of the state of Kansas and with its principal place of business in Kansas.
>
> 12. On both the date of filing and the date of removal, National Credit Adjusters, LLC had one member: Fourth Avenue Holding, LLC.
>
> 13. On both the date of filing and the date of removal, Fourth Avenue Holding, LLC was a limited liability company formed under the laws of Delaware and with its principal place of business in Kansas.
>
> 14. On both the date of filing and the date of removal, Fourth Avenue Holding, LLC had six members: four IRS Subchapter S Corporations; and two trusts.
>
> 15. All four IRS Subchapter S Corporations that were members of Fourth Avenue Holdings, LLC on both the date of filing and the date of removal were incorporated under the laws of Kansas. On both the date of filing and the date of removal, all four of the IRS Subchapter S Corporations' principal places of business were in Kansas.
>
> . . .
>
> 17. On both the date of filing and the date of removal, both trusts were organized under the laws of Kansas and all the trustees resided in and were citizens of Kansas.

(Am. Not. of Removal, ¶¶ 11-17) (citations omitted). NCA attached to its amended notice of removal the declaration of Mark A. Fletchall, General Counsel for NCA, in which Mr. Fletchall declared the names and citizenship of all members of NCA on both the date of filing and the date of removal.

After careful review of NCA's amended notice of removal, the Court issued an order finding that NCA had alleged complete diversity of citizenship both at the time of filing and at the time of removal. As a result, the Court lifted the stay previously imposed in the case. See Doc. 23.

On April 17, 2014, plaintiff filed the instant motion to remand. Apparently scouring the records of the Kansas Secretary of State, plaintiff found a document filed a month prior to plaintiff's filing of this suit in which NCA had a different membership than on the date of filing of the suit. Plaintiff also takes issue with NCA's member trusts' citizenship, stating that NCA has not alleged the citizenship of the beneficial owners of the trusts.

Plaintiff's motion has done nothing to alter the Court's determination that defendant has alleged complete diversity of citizenship both at the time of filing and at the time of removal. First, plaintiff's documents from the Kansas Secretary of State do not contradict the declaration of citizenship made by Mr. Fletchall in his affidavit, nor do they contradict NCA's amended notice of removal. As to the citizenship of the two trusts that are members of Fourth Avenue Holding, LLC, Mr. Fletchall has filed a supplemental affidavit. See Doc. 40. Mr. Fletchall's supplemental affidavit establishes that on both the date of filing and the date of removal the citizenship of the trustees and all beneficiaries of the two trusts were diverse from plaintiff.

Following another careful review, the Court finds that defendant has shown complete diversity of citizenship between itself (which includes the citizenship of its sole underlying member

and the citizenship of this member's members) and plaintiff both at the time of filing and the time of removal. As a result, the Court concludes that it has subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Calvin Williams' motion to remand is **DENIED**. [Doc. 29]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 10th day of November, 2014.

4