```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF MISSOURI
                    EASTERN DIVISION


CALVIN WILLIAMS,                   )
                                   )
          Plaintiff,               )
                                   )
   v.                              ) No. 4:14-CV-267-CDP
                                   )
NATIONAL CREDIT ADJUSTERS, LLC,    )
et al.,                            )
                                   )
          Defendants.              )
```

**PRETRIAL CONFERENCE**

**BEFORE THE HONORABLE CATHERINE D. PERRY**
**UNITED STATES DISTRICT JUDGE**

**JANUARY 26, 2016**

**APPEARANCES:**

| | |
|---|---|
| For Plaintiff | Rufus J. Tate, Jr., Esq.<br>**TATE LAW FIRM, L.L.C.**<br><br>Lee R. Anderson, Esq.<br>**CIVIL JUSTICE LAW FIRM LLC** |
| For Defendant<br>National Credit<br>Adjusters, LLC | Peter A. Corsale, Esq.<br>Paul D. Sinclair, Esq.<br>**POLSINELLI PC** |

*REPORTED BY:*   *Gayle D. Madden, CSR, RDR, CRR*
                 *Official Court Reporter*
                 *United States District Court*
                 *111 South Tenth Street, Third Floor*
                 *St. Louis, MO  63102      (314) 244-7987*

(Produced by computer-aided mechanical stenography.)

1      (Proceedings commenced at 10:06 a.m.)

2      THE COURT: All right. We are here in the case of Calvin Williams versus National Credit Adjusters, LLC. This is Case No. 4:14-CV-267. And so would counsel for Plaintiffs please identify themselves for the record?

6      MR. TATE: Good morning. Rufus J. Tate, Jr.

7      THE COURT: All right.

8      MR. ANDERSON: And Lee Anderson, Judge.

9      THE COURT: All right. And counsel for Defendants?

10     MR. CORSALE: Peter Corsale. And Mr. Sinclair's motion for admission pro hac vice is pending, but he --

12     THE COURT: Well, when was it filed?

13     MR. CORSALE: I believe --

14     THE COURT: Because I've been checking the docket daily, and I don't see any motion for pro hac vice that's pending. I mean I thought I had ruled on everything.

17     MR. CORSALE: We have -- we're waiting, I guess, for the password to come back in from -- well, we were discussing it with your clerk earlier, trying to get all of the particulars of what's going on.

21     THE COURT: Well, I don't know why we give you a password before you've been admitted pro hac vice.

23     MR. CORSALE: Yeah.

24     THE COURT: It's not supposed to work that way. You're supposed to file the motion first, and I mean, it

1   shouldn't be that hard.  He can participate based on the

2   representation that he will file a motion for pro hac vice --

3           MR. CORSALE:  Okay.

4           MR. TATE:  -- today.  You all can go down to the

5   Clerk's Office and do it in paper.

6           MR. CORSALE:  Okay.

7           THE COURT:  Okay.  And talk to somebody at the front

8   counter.

9           MR. CORSALE:  Okay.

10          THE COURT:  Because we need to get it done.  But

11  that's fine.  I mean I just -- I assume he'll meet the

12  qualifications.  Where do you practice, Mr. Sinclair?

13          MR. SINCLAIR:  I've been a Missouri bar member for 41

14  years, Your Honor.

15          THE COURT:  So where is your practice?

16          MR. SINCLAIR:  I'm with Polsinelli.  I'm with

17  Polsinelli in their Kansas City office.

18          THE COURT:  Okay.  That's fine.

19          MR. SINCLAIR:  And I've been the lead counsel

20  representing the Defendant in this case, in several federal

21  proceedings around the country for a number of years.

22          THE COURT:  Yeah, but not in this case.

23          MR. SINCLAIR:  Not in this case, Your Honor.

24          THE COURT:  Yeah. Okay. No. I understand. That's

25  fine.  You can be seated.

1          Can you tell me who else you have with you all at
2  counsel table?
3          MR. CORSALE:  This is Deb Loveless.  She's my
4  paralegal.  And Alan Newkirk, who is my IT --
5          THE COURT:  Oh, okay.  That's fine.
6          Okay.  So let's talk about the things we need to talk
7  about for trial.  This -- you have a lot of motions and other
8  things to discuss, and I guess I want to start with the --
9  first of all, let me just try to take this in order.  How long
10 do you all expect this trial to take?  From the Plaintiff's --
11 I mean, how long do both of you think?
12         MR. TATE:  Judge, may I approach?
13         THE COURT:  Yes.
14         MR. TATE:  Good morning.  Judge, before we go through
15 an entire proceeding, we made last-minute overtures to see if
16 there was any ability at all to get this thing settled, and it
17 does not seem that there is, and in the spirit of candor, as
18 you can tell from -- there are certain targeted pleadings from
19 both sides in there.  In this case, it comes down to a "he
20 said/she said" case because of the conspicuous absence of the
21 actual T-Mobile cell phone company records to distinguish what
22 is the origin of these phone calls.  Because we cannot
23 establish and they cannot disprove the origin of these phone
24 calls, there is an impasse, which is basically nothing more
25 than really a crapshoot in front of the jury, and because of

1   that is probably the reason that we can't get any further on
2   settlement negotiations in this case.  In light of that, my
3   client has authorized us, because of his complete lack of any
4   financial ability to withstand litigation, to move -- orally
5   move to dismiss this case.
6           THE COURT:  A dismissal with prejudice?
7           MR. TATE:  That would be fine.
8           THE COURT:  I mean I assume that's what you're
9   suggesting.
10          MR. TATE:  Effectively, yeah, it would not be
11  refiled.  So, yes, we would move with prejudice, each side to
12  bear their own costs.
13          THE COURT:  Defense, each side to bear its own costs?
14  You all made references in your briefs, and I -- I mean on
15  this record I wouldn't have any basis for any kind of a bad
16  faith ruling, but would you agree with that?  I mean is
17  that -- is there any objection to this dismissal without --
18  with -- with prejudice, with each side to bear their own
19  costs?
20          MR. CORSALE:  No, Your Honor.
21          THE COURT:  All right.  Then as the Defendant has --
22  I mean -- I'm sorry.  As the Plaintiff has indicated orally in
23  open court an intention to dismiss this case with prejudice,
24  with each side to bear their own costs and the Defendant has
25  no objection to that -- I'm not sure they could.  Well, they

1  could on the cost issue, but otherwise, that's the
2  presumption.  Then the case will be dismissed.  I will do a
3  short order of dismissal that sets that out, and we will not
4  have a trial on Monday.  All right.
5          MR. TATE:  Thank you, Judge.
6          MR. CORSALE:  Thank you, Your Honor.
7          THE COURT:  Okay.  Well, that was a lot shorter than
8  I expected.  Thank you very much.
9          MR. TATE:  I didn't want to make you go through that
10 whole dance.
11         THE COURT:  All right.  Well, that's why we have
12 juries, but that's -- you know, that's fine with me.  I have
13 other things I can spend my time on.  Thank you, all.  Court's
14 in recess.
15         And I guess, actually, Mr. Sinclair doesn't have to
16 file that motion for pro hac vice.
17         MR. SINCLAIR:  Thank you, Your Honor.
18     (Proceedings concluded at 10:12 a.m.)
19
20
21
22
23
24
25

CERTIFICATE

I, Gayle D. Madden, Registered Diplomate Reporter and Certified Realtime Reporter, hereby certify that I am a duly appointed Official Court Reporter of the United States District Court for the Eastern District of Missouri.

I further certify that the foregoing is a true and accurate transcript of the proceedings held in the above-entitled case and that said transcript is a true and correct transcription of my stenographic notes.

I further certify that this transcript contains pages 1 through 6 inclusive.

Dated at St. Louis, Missouri, this 9th day of February, 2016.

_____

/s/ Gayle D. Madden

GAYLE D. MADDEN, CSR, RDR, CRR

Official Court Reporter